# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN JAMES NEELY,** : | CIVIL ACTION NO. 3:16-CV-1565 |
| : | |
| **Petitioner** : | **(Chief Judge Conner)** |
| : | |
| v. : | |
| : | |
| **MARK GARMEN and PA STATE** : | |
| **ATTORNEY GENERAL,** : | |
| : | |
| **Respondents** : | |

## ORDER

AND NOW, this 22nd day of July, 2019, upon consideration of the motion (Doc. 28) filed by petitioner Kevin James Neely ("Neely") asking the court to alter or amend the judgment (Doc. 26) entered on June 14, 2019, wherein the court denied Neely's application for a writ of habeas corpus and a certificate of appealability, and the court emphasizing that a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) must rely on at least one of the following three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," In re Energy Future Holdings Corp., 904 F.3d 298, 311 (3d Cir. 2018) (alteration in original) (quoting United States ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 848-49 (3d Cir. 2014)); see Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and that a party may not invoke a Rule 59(e) motion as a means to "relitigate old matters" or present previously available arguments or

evidence, see Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (citation omitted), and it appearing that Neely grounds the instant motion on arguments identical to or expanding upon those previously raised before—and rejected by—the undersigned,[1] and that Neely fails to substantiate a basis to alter or amend this court's prior decision and accordingly fails to carry his burden to support his Rule 59(e) motion, it is hereby ORDERED that Neely's motion (Doc. 28) to alter or amend judgment is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] Neely primarily contends that our prior decision contained errors of law. For example, he reasserts his argument that the phrase "willful, deliberate, and premeditated" must be included in the instruction for Pennsylvania attempted murder. We thoroughly considered and rejected this argument in our June 14 decision, see Neely v. Garmen, No. 3:16-CV-1565, 2019 WL 2490601, at *4-5 (M.D. Pa. June 14, 2019), and decline to address it again. Neely also argues that certain Pennsylvania Superior Court cases were wrongly decided, but such claims are not within the purview of this court on federal habeas review.