# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN JAMES NEELY,** | CIVIL ACTION NO. 3:16-CV-1565 |
| Petitioner | (Chief Judge Conner) |
| v. | |
| **MARK GARMEN and PA STATE ATTORNEY GENERAL,** | |
| Respondents | |

## ORDER

AND NOW, this 17th day of December, 2019, upon consideration of the motion (Doc. 33) to vacate judgment in part pursuant to Federal Rule of Civil Procedure 60(b)(1) filed by petitioner Kevin James Neely, asking the court to partially vacate the judgment entered on June 14, 2019, (see Doc. 26), in which the court denied Neely's application for a writ of habeas corpus under 28 U.S.C. § 2254 and a certificate of appealability, and the court observing that a movant seeking to vacate judgment under Rule 60(b)(1) must show "mistake, inadvertence, surprise, or excusable neglect," FED. R. CIV. P. 60(b)(1), and that Neely's instant Rule 60(b)(1) motion claims that this court made a "mistake" in our decision on his habeas petition, arguing that the court overlooked the fact that before Neely decided to go to trial he should have been explicitly "put on notice that he was facing a maximum penalty of 40 years" rather than simply being informed that he was facing prosecution for attempted murder causing serious bodily injury (which offense statutorily carries a maximum penalty of 40 years, see 18 PA. CONS. STAT. § 1102(c)),

(see Doc. 33 ¶¶ 15, 17, 18, 20), and the court noting that Neely has not cited,[1] nor has this court found, authority that requires a criminal defendant to be informed of the maximum sentence—in terms of months or years—for each specific count of a charging document prior to proceeding to trial thereon, and the court concluding that there was no "mistake" in our prior judgment, it is hereby ORDERED that Neely's motion (Doc. 33) to vacate judgment pursuant to Rule 60(b)(1) is DENIED.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] The single case Neely cites, Commonwealth v. Barnes, 167 A.3d 110 (Pa. Super. Ct. 2017), does not support his argument. That case simply holds that a defendant who is sentenced above the 20-year statutory maximum for attempted murder must have been put on notice that he was being prosecuted for attempted murder *causing serious bodily injury*. See Barnes, 167 A.3d at 116-19. The latter offense carries a 40-year, rather than 20-year, maximum sentence, and whether "serious bodily injury" was caused must be admitted or found by a jury. See id. Barnes does not hold that, prior to proceeding to trial, a criminal defendant must be informed of the maximum potential sentence length for each charged offense.